## UNITED STATES v. AMENDOLA (No. 1461).[1]

This merchandise consists of Italian pine cones with the nuts attached thereto. The nuts are held to be dutiable under the *eo nomine* provision for nuts in paragraph 283, tariff act of 1909. The cones are not shell nor "dirt or other impurities" in the nuts, and duty should be assessed upon the weight of the nuts alone.

United States Court of Customs Appeals, February 12, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36255 (T. D. 34698).

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.
*Curie, Smith & Maxwell* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The importations consist of pine cones with their nutlike seeds still attached to them.

---

[1] Reported in T. D. 35156 (28 Treas. Dec., 253).

The collector assessed duty upon the merchandise at the rate of 1 cent per pound as nuts not specially provided for under paragraph 283 of the tariff act of 1909. Duty was assessed at that rate upon the aggregate weight of the cones and nuts, in accordance with the departmental instructions contained in T. D. 31854.

The importers protested against the assessment, claiming that the merchandise was free of duty as a crude vegetable substance under paragraph 630 of the act, and claiming furthermore that if the article was dutiable as nuts the duty should be assessed only upon the weight of the nuts themselves and not upon the weight of both cones and nuts.

The protest was submitted upon evidence to the Board of General Appraisers and was in part sustained. The board held that the merchandise was dutiable at 1 cent per pound as nuts under paragraph 283, *supra,* but that the duty should be assessed only upon the weight of the nuts and not upon that of the attached cones also. Upon the evidence before it the board held that the weight of the nuts was 20 per cent of the gross weight of the merchandise, and the collector was authorized to reliquidate upon that basis. The Government now appeals from that decision.

The following is a copy of paragraphs 283 and 630 of the tariff act of 1909:

283. Nuts of all kinds, shelled or unshelled, not specially provided for in this section, 1 cent per pound; but no allowance shall be made for dirt or other impurities in nuts of any kind, shelled or unshelled.

(Free list.) 630. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this section.

It appears from the testimony that the cones in question are imported from Italy in the condition in which they are when first taken from the tree, with the nuts attached under the imbricated leaves or scales of the cone. The cones with the nuts attached are bought and sold in the markets by the hundred. The cones are shattered into pieces as the best means of recovering the nuts, the broken pieces are burned up or thrown away as valueless, and the nuts are eaten "like peanuts." As stated above, it appears from the testimony that in the case of the present importation the nuts themselves constituted 20 per cent of the gross weight of the importation.

It seems clear from the foregoing statement that the joint importation of nuts and cones would not be entitled to free entry as crude vegetable substances, although the cones would be free if imported alone. Nor would the importation be one of seeds, for while the attached nuts are indeed the seeds of the pine tree, they are not imported or used in this country as seeds but as fruits or articles of human food.

The following definitions, expressive of the common use of the given words, will aid in the present inquiry:

Standard Dictionary:

*Nut.*—A fruit consisting of a kernel or seed inclosed in a hard, woody or leathery shell that does not open when ripe, as in the hazel, beech, oak, chestnut, etc.

*Shell.*—A hard outer cover of a fruit, as a walnut shell.

It may be seen from the foregoing definitions that while the pine nuts now in question are seeds botanically speaking, they are nevertheless more specifically known as nuts according to the common usage of these terms. They therefore fall within the *eo nomine* classification of paragraph 283, *supra*. Mayer & Co.'s case (T. D. 20038), Van Dyk & Co.'s case, Abstract 25595 (T. D. 31616); Garguilo's case, Abstract 26085 (T. D. 31757); department instructions (T. D. 31854).

The question next arises whether the appropriate duty should be assessed upon the gross weight of the cones and nuts taken together or only upon the weight of the nuts alone.

Paragraph 283, *supra*, imposes a duty by the pound upon nuts shelled or unshelled, and provides that no allowance shall be made for dirt or other impurities in nuts of any kind. The first question, therefore, is whether the cones should be weighed for duty upon the theory that they are the shells of the pine nuts. If this question be answered in the negative the question next arises whether the cones should be regarded as "dirt or other impurities in" the nuts, for which the paragraph prohibits any allowance.

It seems clear from common knowledge that these two questions should both be answered in the negative.

As appears from the foregoing definitions the shell of a nut is "a hard, outer cover of a fruit," being "a hard, leathery" cover which "does not open when ripe." Judged by these definitions the cones in question are not shells, nor are they parts of the nuts as such, since they do not serve in any way to inclose or cover the nut kernels. The pine nuts themselves, however, are inclosed or covered by shells like those of almonds or walnuts, except that they are not so thick and substantial. These shells grow upon the cones and contain the kernels as do the shells of other familiarly known nuts. It seems clear, therefore, that the cones are not shells and are not dutiable as such.

It is equally improper to describe the cones as "dirt or other impurities in" the nuts. They are obviously not "dirt," nor do they respond to the description of "other impurities in" the nuts. In the case of the present importations the cones weigh four times as much as the nuts, and are more bulky than the nuts in even a greater proportion. They can hardly be described as "impurities in" the nuts which they thus hold and carry. It is true that the cones and nuts

are imported as entireties; nevertheless it is administratively practicable to ascertain the net weight of the nuts alone. At least there is nothing in the present record which contradicts the testimony of the importer to that effect. There seems, therefore, to be no reason why they should not be separated for duty purposes, and the nuts assessed alone, they being in fact the only dutiable portion of the importation.

In accordance with the foregoing views the decision of the board is *affirmed.*