(C. D. 932)

BEL PAESE SALES CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 21, 1945)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: In this case the plaintiff claims that in reliquidating the entry covering 410 cases of Sardo cheese, in loaves, imported from Italy on December 9, 1939, the collector failed to follow the decision and judgment of this court, and that reliquidation on any other basis than that contained in the judgment is illegal and void. It is specifically contended that reliquidation should have been made upon the basis of the weigher's return of net weight, less 2½ per centum for tare of nonedible coverings. In reliquidation, the collector noted "no change" in his former liquidation.

At the trial it was disclosed that the decision of this court involved in the reliquidation pertains to protest 39148–K, which was decided together with other protests, the initial number thereof being 42301–K. (See *Santo Alioto & Sons et al.* v. *United States*, 6 Cust. Ct. 503, Abstract 45175.) In those cases it was stipulated and agreed between the parties thereto that the merchandise was the same in all material respects as that in the case of *Mattia Locatelli New York Branch* v. *United States*, T. D. 48284, holding as follows:

\* \* \* that in determining the dutiable value of cheese, having a protective covering of fuller's earth, the collector, in applying the 35 per centum rate, should have multiplied the net weight of the cheese found by the weigher, less 2½ per centum for the nonedible protective covering, by the appraised unit of value, and thereto adding the cost of packing, if not already included in the unit value of the cheese. On the sum thus obtained the duty should be computed.

In the *Locatelli* case this court stated that it recognized and followed the fundamental principle in customs law that where the amount of duty to be collected is in part dependent upon the weight of the imported merchandise, it is the net weight thereof actually imported which is to be used as a basis for computing duties, and that the net weight is represented by the amount returned by the United States weigher, less 2½ per centum. As authority for the principle so announced, the court cited *United States* v. *Bush & Co.*, 4 Ct. Cust. Appls. 519, T. D. 33938; *United States* v. *Bush & Co.*, 5 Ct. Cust. Appls. 127, T. D. 34187; *United States* v. *Suzarte & Whitney*, 8 Ct. Cust. Appls. 99, T. D. 37219; *United States* v. *Amendola*, 5 Ct. Cust. Appls. 516, T. D. 35156; and decisions of this court reported in T. D. 17828; T. D. 20989; T. D. 25823; T. D. 36194; T. D. 36195; T. D. 46643; T. D. 44000; Abstract 21486, T. D. 29877; Abstract 22898, T. D. 30447; T. D. 32068; T. D. 25553; T. D. 44444; and *Kraft Phenix Cheese Corp.* v. *United States*, T. D. 47955.

In the *Kraft Phenix Cheese Corp.* case the question was whether or not paper and foil wrapped around Roquefort cheese should be regarded as cheese so that when duty was assessed upon the basis of the net weight of the cheese said weight should include the weight of the paper and foil. This court there held that the paper and foil wrapping was no part of the cheese and should not have been included in the weight thereof by the collector in calculating the dutiable value. Apparently the collector had no trouble in reliquidating the entry in the *Locatelli* case, *supra*, which is a part of this record. In *Mattia Locatelli* v. *United States*, T. D. 49302, this court reiterated the proper method of determining the value upon which duty should be assessed as being the multiplication of the net weight reported by the weigher, less 2½ per centum for tare, by the appraised unit of value, and to the sum thus obtained adding the cost of packing, *if not already included in the unit value of the cheese.* Later in *Mattia Locatelli N. Y. Branch, Inc.* v. *United States*, T. D. 49389, this court held that an inedible substance composed of lamp black, soapstone, and fats, placed on the outside of Reggiano cheese, amounting to 1 per centum of the weight of the cheese, was tare. There, also, the collector was directed to deduct that percentage from the weight of the cheese before multiplying the net landed weight by the unit value to obtain the dutiable value of the merchandise.

In *Parodi Erminio & Co.* v. *United States*, 6 Cust. Ct. 95, C. D. 436, this court, in rendering its decision, very explicitly set out the

steps to be taken in obtaining the dutiable value to be used as the basis of the ad valorem duties in language as follows:

In the case before us the unit price, according to the invoice, includes the pro rata proportion of an amount of $19 for packing, also freight from Rome to Genoa, porterage and loading charges, amounting to $12. These latter charges were deducted from the total value as nondutiable. The gross weight of the merchandise, to wit, the weight of the packing, the inedible coverings, and the cheese, was reported by the weigher to be 3,401 pounds. The weight of the packing was reported as 512 pounds, and the weight of the inedible coverings was 59 pounds. Therefore, the net weight of the cheese was 2,830 pounds. Upon the foregoing state of facts, the sum obtained by a multiplication of the net weight of the cheese and the unit price thereof, less $12, the nondutiable charges, is the dutiable value from which the duty is to be derived and, under the law, a computation of such value with the rate of duty also includes the duty upon all containers and coverings of whatever nature. However, *the collector has failed to follow the law in obtaining the basis of value upon which duty should be assessed because the weight of cheese which he multiplied by the unit value to obtain the dutiable value included the weight of the inedible coverings.* Consequently, he assessed 59 pounds of coverings with a duty applicable to cheese, when the cost thereof is included in the dutiable value as above noted, and such action in effect amounts to a double assessment. *Had the same course been followed in reference to the duty upon the packing weighing 512 pounds, he would have multiplied the net weight of the cheese, plus the weight of the inedible coverings, plus the weight of the outside cases (the gross weight) by the unit of value to obtain the dutiable value.*

*The identical rule in assessing duty upon packing charges is applicable to assessment of duty upon the inedible coverings. A rate of duty applied to an amount obtained by the multiplication of the unit value, which includes the cost of inside packing as well as outside packing and the net weight of cheese actually imported, produces an amount which includes duty upon the inside and outside packing as well as the duty upon the cheese.*

In the case of *United States* v. *Suzarte & Whitney*, 8 Ct. Cust. Appls. 99, T. D. 37219, the appellate court stated, as follows:

* * * the course pursued by the appraiser was to fix the unit value upon the goods including the cost of the containers, and that if the net weight is multiplied by this unit value, the containers will have paid the rate of duty which the merchandise also bears, which is correct.

For the reasons stated we hold that when the cost of inedible coverings is included in the *per se* unit price of the merchandise, it may be considered as determined when such price is multiplied by the units of net weight of the cheese, which in the case herein is 2,830 pounds. [Italics not quoted.]

The *Santo Alioto & Sons et al.*, case, *supra*, was promulgated on January 14, 1941, but was not reliquidated until June 1, 1942, which was more than a year after this court decided the *Parodi Erminio* case, *supra*, which, in our opinion, was sufficient to enlighten the collector as to the difference between the assessment of duty upon a quantity of covering as though it were cheese and the assessment of duty upon the cost of such packing as included in the unit value of the goods.

Later in the case of *Scaramelli & Co., Inc.* v. *United States*, 9 Cust. Ct. 270, C. D. 706, promulgated November 12, 1942, we again detailed the method of making tare allowance for covering of cheese. The

various kinds of cheese there involved were Pecorino Romano Sardo, Romano, Reggiano, Provolone, and Sbrinz. The Pecorino Romano Sardo cheese and the Provolone cheese were assessed at the 35 per centum rate and the remainder at the specific rate. There the court stated the Government's contentions as follows:

* * * that in the event the court reaches the conclusion that the inedible material upon the cheese subject to tare allowance was properly determined in the previous cases incorporated herein, the importer is not entitled to a refund where duty has been assessed on an ad valorem basis, inasmuch as the inedible material is a covering and is controlled by the statutory provisions relating to coverings and containers of imported merchandise.

In that connection the Government points out that the cheese was appraised upon the basis of the foreign value as defined in section 402 (c), providing that such value shall be the market value or price of such merchandise in the country of exportation "including the cost of all containers and coverings of whatever nature." Counsel therefore argues that in determining the net weight of the cheese for dutiable purposes, the collector should have deducted the weight of the covering because it was not cheese, then the cost of that covering should have been added as an item of packing under section 402 (c). Therefore, *if the unit cost of the covering is the same as the unit value of the cheese,* the Government contends that the importer would gain nothing by protesting, because, if the collector deducts the weight of the covering from the total weight, for the purpose of assessing duty thereon, he would add to the dutiable value the cost of the covering. [Italics quoted.]

In deciding adversely to the Government's contentions this court cited as authority many cases of this and our appellate courts, and held—

* * * when the price of each unit of imported merchandise includes all dutiable charges in accordance with section 402 (c) a multiplication of such unit value by the number of units of quantity of the *per se* merchandise will equal the sum upon which the ad valorem duties shall be levied.

In the foregoing calculation of Government counsel it is assumed that the cost of the inedible coverings is the same as the value of the cheese per unit. It is further assumed that the appraiser has appraised the cost of such coverings at the price of a unit of cheese, which, under the law he has no right to do. Then he calculates the total weight of the inedible coverings and proceeds to multiply such weight by the unit value of the cheese in order to arrive at the total cost and assesses the same with duty at 35 per centum ad valorem, thus arriving at the same duty as would be applicable if paragraph 710 had levied duty upon "Cheese including the weight and value of all coverings other than plain wooden cases." Unfortunately for the position of the Government, paragraph 710 does not so provide, and it has been held unlawful for the Government by intricate mathematical calculation to introduce into the law something not intended by Congress. It lies solely with Congress to prescribe the rules by which the quantity or value of merchandise shall be ascertained and if Congress has not fixed the particulars to be regarded in determining the quantity by weight of goods, the merchandise alone is considered subject to duty.

It will be noted that the cost of all packing charges is included in the *per se* unit price of the cheese in the cases before us. If the total cost of such packing charges were not stated on the invoice, to follow the Government's theory of assessing the duty, such cost would be determined by multiplying the weight of the container and packing by the unit value in order to arrive at the total cost to

be added to the total value of the goods and upon such sum duty would be assessed. To pursue such a course would be equivalent to assessing duty upon the basis of the gross weight of the goods rather than the net weight thereof, as provided by law. The same situation would be true in respect to the inedible coverings. Duty would not only be assessed upon the coverings when assessment is levied upon the cheese *per se* but also upon the coverings separately. Under the foregoing decisions cited such would amount to a double assessment of duty upon the coverings which has been held to be contrary to the intention of Congress. We are therefore of the opinion that the Government's position is untenable.

The collector liquidated the entries in the foregoing *Scaramelli* case in accordance with the decision of this court.

Now comes before us another test case in which the Government attempts to meet the defects in the *Scaramelli* case, *supra*, as to the assumption that the cost of the inedible coverings was the same as the value of the cheese per unit.

When this case came to trial the Government admitted that the collector deducts the 2½ per centum as an allowance in weight of inedible coverings when imposing specific duty on cheese. However, on cheese subject to ad valorem duty, the Government contends that the collector must take the 35 per centum ad valorem upon the value of the cheese in its packed condition, including the cost of all coverings of whatever nature; and that according to section 402, the collector is obliged to interpret the court's judgment in such manner as will give effect to both paragraph 710 and section 402 for the reason *that those provisions are legislative orders on the collector and mandatory*. It was argued, therefore, that the collector finds himself between two mandatory orders, one handed down by the Congress, and the other handed down by the court, and that he is obliged to liquidate in such a manner as to obey both orders. This contention is substantially the same as in the *Scaramelli* case, *supra*.

The plaintiff contends that the collector in his reliquidation failed to follow the court's mandate directing him to multiply the landed net weight of the cheese, less the 2½ per centum allowance for fuller's earth covering, by the appraised unit of value to obtain the dutiable value. Further, that whether or not the cost of packing was $63 per 100 kilos or some lesser amount, the collector, in determining the total dutiable value of the shipment, must multiply the net weight by $63 per 100 kilos, less 2 per centum, less nondutiable charges, and this he did not do upon the reliquidation.

Paragraph 710 of the Tariff Act of 1930, so far as applicable to Pecorino Sardo cheese, reads as follows:

PAR. 710. Cheese and substitutes therefor, 7 cents per pound, but not less than 35 per centum ad valorem.

SEC. 402. VALUE.

(a) BASIS.—For the purpose of this Act the value of imported merchandise shall be—

(1) The foreign value or the export value, whichever is higher;

\*     \*     \*     \*     \*     \*     \*

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or *the price*, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, *for exportation* to the United States, *plus, when not included in such price*, the *cost* of *all* containers and *coverings of whatever nature*, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States. [Italics not quoted.]

The examiner of the cheese testified for the plaintiff that he made the advisory appraisement of the cheese in question; that he appraised it at the export value, as defined in the tariff act, having placed the red-ink notation upon the invoice reading:

The appraised unit of value $63 per hundred kilos less 2 percent f. o. b. applies to both cheese and inedible covering (packing).

The witness stated that he was requested to report the cost of the inedible covering and for that reason he put down the words "applies to both cheese and inedible covering," and that the $63 per 100 kilos, less 2 per centum represented the cost of the inedible covering and also the value of the cheese. He admitted, however, that he returned the merchandise as entered and that there was no advance in value and his return was approved by the appraiser. In other words, he approved the entered value by his appraisal of $63 per 100 kilos, less 2 per centum, f. o. b., but by applying that price to the inedible covering as its cost, he changed the proportionate value of the cheese by allotting a definite sum in each unit as the cost of covering, so that in the price of each 100 kilos of cheese and covering, there were actually included the price of 97½ kilos of cheese and the cost of 2½ kilos of inedible coverings.

The liquidator who reliquidated the entry testified on behalf of the Government in reference to a white sheet of paper containing penciled figures attached to the entry. The sheet bearing the notations was admitted in evidence as exhibit 3. He stated that the figures represent a partial reliquidation and that he had some papers with him which would explain the complete reliquidation. However, upon objection of counsel for the plaintiff, the witness was not permitted to refer to the sheets, nor were they allowed in evidence. The witness explained the reliquidation, so far as it appeared upon exhibit 3, by stating that he multiplied 27,300 kilos, the entered quantity, by $63, less 2 per centum, less nondutiable charges, obtaining thereby a total value of $16,749.82. He then deducted the cost of the outside packing $323.50, leaving $16,426.32. As there was a difference between the United States weigher's return and the entered weight, the weigher's return of net weight was divided by the entered net weight and the factor .965124 was obtained. Multiplying $16,426.32 by this factor resulted in a finding that the total value of the cheese was $15,853.44, to which was added the cost of cases and packing, $323.50,

making a dutiable total of $16,176.94, or in round numbers $16,177. However, the witness testified that he did not complete his reliquidation because the court's decision confused him. In that regard he stated:

Well, when I received the judgment order making the allowance of 2½ per cent off the net weight I was quite confused just how to make this allowance, and I took it up with my superiors. They concluded that we shall make the allowance of 2½ per cent off the net weight, but to add the cost of the inedible covering into the dutiable value (Record, p. 18).

The court also interrogated the witness concerning his confusion. The witness admitted that he had liquidated hundreds of entries similar to the one here in question on various kinds of cheese, following the judgment order of this court. He was then requested to read the mandate of the court in the order for reliquidation and to state the portion which was confusing. The witness stated:

A. I didn't know what to allow 2½ per cent off, the value or off the weigher's return, and so forth. I was confused.

By Judge KEEFE:

Q. Is this the first case that you were confused in? You have done it repeatedly in the past, haven't you?

A. Well, the invoice conditions—on some of those I was instructed to allow and some I was not instructed to allow on account of invoice conditions.

Q. Were there any of them in which you in the past had failed to obey the judgment entry of this court which instructed you to reliquidate the entry upon the basis of the weigher's return of net weight less 2½ per cent for tare for non-edible coverings?—A. I have always allowed 2½ per cent on certain conditions of the invoices, as instructed.

Q. What conditions?—A. Well, in this case, where the appraiser has appraised both the inedible covering and the cost of inedible covering and the cheese.

Q. Did you ever have another case on a similar judgment of this court where the appraiser had taken any such action?

A. I can't recall that, sir. (Record pp. 27-8.)

The Assistant Surveyor of Customs Laughlin, who was deputy collector in charge of the liquidating division at the port of New York at the time of liquidation and reliquidation herein, testified for the Government that the liquidation and reliquidation were made under his supervision; that he issued instructions in respect to the reliquidation of cheese cases where the court had ordered an allowance of 2½ per centum as tare; that these instructions were the outcome of conferences with the group head in charge of such liquidations; such conferences becoming necessary because it was found very difficult to determine what the unit net value of appraisement was when worked back to pounds in American dollars; and also difficult to determine if all the dutiable and nondutiable charges were or were not included in that appraised value; that as a result of these conferences he distinctly recalled that the whole gist of his instructions were "that they must take care in liquidation to take the duty once, but only once, on the cost of all coverings" (record p. 31); and that from a reading of the

court's decisions it appeared that there had been some attempt to collect the duty twice, and he wanted to be absolutely positive that the mandate of the court was strictly complied with in that regard.

The witness further testified that before the assessment of duty upon cheese it was necessary to make a test as to whether specific or ad valorem duty should apply because it has a combined rate, paying 7 cents per pound but not less than 35 per centum ad valorem; that in computing the 7 cents per pound specific duty under the judgment of the court, 2½ per centum of the weight was deducted; that in determining whether or not the 35 per centum rate should apply, the appraised value, as returned by the appraiser, was multiplied by the landed number of units, thereafter the total weight of the inedible coverings would be determined, and that amount would be multiplied by the cost of the inedible coverings as reported in units by the examiner on the invoice, and the two sums added together ascertain the amount upon which duty is assessable; that it is the province of the collector to take duty on the value of the merchandise, plus, *if not included in it*, the cost of coverings, etc., of whatever nature; and that the examiner's return on the bottom of the invoice showed the cost of inedible packing.

Attached to the invoice, in addition to exhibit 3, are two additional slips of paper, which were sent up to the court as part of the protest papers. On objection of counsel for the plaintiff the court ruled out all questions of Government counsel who attempted to obtain an explanation of the notations on these papers. These red-ink notations on the slip of paper attached directly above exhibit 3 are marked "liquidation" and the final figures agree with the total value upon which duty was taken on liquidation. The uppermost sheet is plainly marked indicating that it represents the test referred to by Mr. Laughlin, to determine whether the goods were dutiable at the 7 cent rate or at the 35 per centum ad valorem rate. A copy of the test sheet is as follows:

PER SE VALUE (exclusive of all charges: Dut. and non-dutiable) $60.169 per 100 K

Weigher's weight Cheese=58087 lbs or 26348.09 kos

Weigher's weight immediate covering=1489 lbs or 675.41 kos

TOTAL WEIGHT OF Cheese and immediate covering=59576 lbs or 27023.50 kos

Total value Cheese 26348.09 kos @ $60.169=15853.38
Total value covering 675.41 kos @ " 406.39
Cost of packing 323.49
TOTAL DUTIABLE VALUE OF CHEESE AND CONTAINERS=16583.26

TEST{ 58087 lbs @ 7¢ per lb=$4066.09
$16583 @ 35% ad val=$5804.05

These papers pertain to the liquidation and are a part of the record.

The sole question in this case is whether or not the collector followed the judgment of this court in reliquidating the entry. Obviously he did not, because his reliquidation reads: "No change," and he failed to make refund which would have resulted if he had allowed 2½ per centum for the tare of nonedible coverings. Inasmuch as he failed to follow the mandate of this court the additional question arises—was he justified under the statute in so doing?

All of the decisions involving questions of this character are uniform in holding that duty shall not be assessed upon coverings in the same manner as though such coverings were imported products. Here 675.41 kilos of coverings were assessed for duty as cheese. The court has declared such assessment illegal, pointing out that paragraph 710 provides that cheese only is dutiable at the rate specified and does not include the packing or covering. The 2½ per centum the court ordered deducted from the landed weight before the dutiable value was calculated was so ordered because the collector had been assessing that quantity, when multiplied by the unit value, as cheese, when in fact it was not cheese. All of the cited decisions hold that such covering cannot legally be assessed as though it were the merchandise imported. Now contrary to all this court's decisions on cheese, the collector has added back the amount of inedible covering under the theory that it is an included covering cost which has been deducted and, under the provisions of section 402, must be added back to obtain the statutory value. If the collector were correct in his deduction, all imports, in which the weight of coverings is included in the weight of the goods, and the unit price of the goods included in the price of such coverings, would be dutiable upon the basis of the gross weight rather than the net weight as provided by statute.

The sum added back by the collector was actually derived by a multiplication of the unit price of the cheese by a quantity of coverings which had been regarded as being cheese, and it was not in any sense the cost of inedible coverings. It was the value of a quantity of cheese which was found not to be cheese and not dutiable as cheese. Inasmuch, however, as the examiner had stated on the invoice that the cost of coverings per unit is the same as the price of the cheese itself, it is merely incidental that the weight of the coverings when multiplied by the unit cost is equal to that portion of the dutiable value which the court has held to be no part thereof. The similarity of the figures is no proof that packing costs were deducted and must be added back. The fact is that packing costs were never deducted from the unit value, and this is substantiated by the price used by the collector as being the *"per se* value" exclusive of all charges, dutiable and nondutiable, that is, $60.169. At any rate it is apparent that an error was made here at the outset in obtaining the test value of the goods exclusive of all the charges, dutiable and nondutiable.

The liquidator making the test failed to take note of the fact that the appraiser had set out the cost of the inedible covering on the invoice as being the same as the value of the cheese. Instead of ignoring such cost as of negligible value, as was done in his test to obtain the stripped value of the cheese itself, he should have recognized that the appraiser had so changed such cost that the total cost of the covering now amounted to exactly the same figure as the 2½ per centum of coverings which the court held to have been illegally assessed for duty as cheese. Now that the cost of the inedible coverings is known, the cost of the proportionate part thereof per 100 kilos of cheese should be deducted from the value before the stripped value could possibly be determined. According to the liquidator the "*per se* value" exclusive of all charges, dutiable and nondutiable, is $60.169. The fact is that inedible covering costs were never deducted from the unit value and therefore an error is apparent in obtaining this stripped value because the cost of the inedible coverings per unit was not deducted. Had it been deducted, the collector's method of liquidation would have been perfectly proper. We find that when the *per se* cost of inedible covering as reported by the appraiser is deducted from the unit value in which it is included, the value stripped of all charges dutiable and nondutiable is $58.63855 per 100 kilos. As an illustration, we set out our figures, as follows:

| | Per 100 kilos |
|---|---|
| The entered and appraised price per unit of 100 kilos, including herein the cases and packing, the nondutiable carriage charges and the cost of inedible coverings | $63.00 |
| Less discount of 2 per centum | 1.26 |
| | $61.74 |
| The nondutiable carriage charge of 2000 lira converted to $105.20 when prorated to the unit of 100 kilos is | .33101 |
| Deducting the prorated part of nondutiable charges, leaves remaining the unit price, as applied to the cheese, the inedible coverings and the cases and packing | $61.40899 |
| The cases and packing of 6150 lira equal to $323.50, when prorated to the unit of 100 kilos is | 1.22775 |
| Deducting the prorated part of cases and packing, leaves the unit price of cheese including the cost of inedible coverings | $60.18124 |
| The cost of inedible coverings of $406.47 ($60.18124 per 100 kilos x 675.41 kilos) when prorated to the unit of 100 kilos is | 1.54269 |
| Deducting the prorated part of the inedible coverings, leaves the actual cost of the cheese in units of 100 kilos | $58.63855 |
| 26,348.9 kilos of cheese x $58.63855 = | $15450.14 |
| 675.41 kilos of inedible coverings x $60.18124 | 406.47 |
| Cases and packing | 323.50 |
| Total value for duty purposes | $16180.11 |

It will be noted from the foregoing illustration that the various costs entering into the price of the cheese, packed, f. o. b., when prorated and deducted from the unit price reduces it from $61.74 to $58.64 per 100 kilos. What the collector failed to do was to deduct the prorated cost of the inedible coverings from the unit price of the cheese. It has been stressed many times in previous decisions that the weight of the inedible coverings is not the weight of cheese and the cost of such coverings is included in the price of the cheese per unit. Therefore, not only should the weight be deducted from the total weight, because it is not cheese, but also the *per se* cost per 100 kilos of packing which is included in the value of the cheese should also be deducted. Then the resulting sum after such deductions is the price of the cheese exclusive of packing of any sort. To such sum should be added the cost of cases and packing and the cost of inedible coverings in order to obtain the value upon which duty should be taken.

The Government urges that the rule announced by our appellate court in *United States* v. *Hirsch, Stein & Co.*, 8 Ct. Cust. Appls. 121, T. D. 37226, is applicable to the case at bar. The court held in that case that where glue was bought at a gross price, packed in bags, the value per pound, for tariff purposes, was the gross price divided by the net weight in pounds. In so deciding the court followed its decision in the case of *United States* v. *Francklyn*, 4 Ct. Cust. Appls. 54, T. D. 33306. A simple test of the rule announced in the *Hirsch* case as used in the *Francklyn* case is sufficient to establish that the collector failed to follow it in the liquidation and reliquidation of the entry before us. The court stated:

\* \* \* Following a long-established customs practice the court in that case held that in determining the value of the cement per ton for purposes of classification under these provisions the total dutiable value of the cement and barrels should be taken as the dividend, and the net weight in tons of the cement alone should be taken as the divisor. The resulting quotient was held to be the value of the cement per ton within the purview of the statute.

\*    \*    \*    \*    \*    \*    \*

\* \* \* If, therefore, the value of cement per ton be properly ascertainable for purposes of such a classification by dividing the net weight in tons into the total dutiable value of the importation, it must equally be true that the value of the present glue per pound should similarly be ascertained by dividing its net weight in pounds into the total dutiable value of the importation.

The total dutiable value, that is, the gross price of the cheese, packed, according to the collector in his liquidation, is $16,583.26. Dividing such gross price by the net weight in kilos, 26,348.09, produces a dutiable value per 100 kilos of $62.939. Obviously, therefore, the collector's determination must be erroneous because the appraised unit of value is only $61.40899. If the collector has pursued a course in line with the *Hirsch* decision, the test would have resulted in a unit value of $61.40899 rather than $1.53 per unit more than that amount.

On the other hand, when the same test is applied to a dutiable value of $16,176.94, as shown on exhibit 3, the unit value arrived at is $61.397, a difference of only $0.012 per 100 kilos. If the total dutiable value, as shown in the foregoing illustration, to wit, $16,180.11, were adopted as the sum to be divided by the net weight of the cheese, the unit value per 100 kilos resulting would be $61.4090, which is seen to compare, and is practically identical, with the unit value of $61.40899, which equals $63 per 100 kilos, less 2 per centum, f. o. b., including all dutiable charges, as returned by the appraiser. Therefore, under the test urged as applicable by the Government, it is self-evident that the collector, in not reliquidating in accordance with our decision, not only failed to follow the mandate of this court but also failed to follow the direction of Congress as set out in paragraph 710, *supra*, and section 402, *supra*.

For the reasons set out above and following the principle announced in the cases cited, and the authorities therein noted, we find that the collector has employed a method of calculation which deprives the importer of refunds rightfully due him under the judgment of this court and under the provisions of the Tariff Act of 1930.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry herein refunding the duty established to have been taken in excess.