In *Sears, Roebuck & Co.* v. *United States*, T. D. 43248, this court held that where the issue is shortage of articles in nonexamination cases, and the importer has failed to comply with reasonable customs regulations governing shortage claims to be filed with the collector, he may introduce appropriate evidence before the Customs Court to establish actual nonimportation.

In *Dixon* v. *United States*, 14 Cust. Ct. 71, C. D. 914, the Government's contention that this court is precluded from determining the issue because the importer failed to file the affidavit of short shipment was held untenable. The court stated that the issue before the court in shortage cases is whether or not there is in fact a nonimportation and compliance with the regulations was held immaterial.

Inasmuch as the plaintiff has established that a shortage of liquor existed at the time of unlading from the vessel, in view of the foregoing cases, judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry and make refund of all duties or internal revenue taxes assessed upon the missing bottles.

**No. 50675.**—Protests 93178–K, etc., of Schroeder Bros., Inc., et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932). In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45156.

**No. 50676.**—Protests 96772–K, etc., of Bel Paese Sales Co., Inc., et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932). In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45376.

**No. 50677.**—Protest 96960–K of F. B. Vandegrift & Co. (New York).

Opinion by KEEFE, J.   At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932).   In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45363.

**No. 50678.**—Protests 45937–K, etc., of Otto Roth & Co., Inc.   (New York).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and the cited decision, the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) $2\frac{1}{2}$ percent for cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706); and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.*   The protests were sustained to this extent.

**No. 50679.**—Protests 100946–K, etc., of D. & A. Sclafani et al. (New York).

Opinion by KEEFE, J.   It was stipulated that certain items of the merchandise consist of cheese similar in all material respects either to the Romano and Sprinz cheese the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) or to the Gouda cheese involved in Abstract 48269.   In accordance with stipulation of counsel and following the decisions cited, it was held that an allowance of $2\frac{1}{2}$ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese.   The protests were sustained to this extent.

**No. 50680.**—Protests 40498–K, etc., of Foster Canning Co.   (New York).

Opinion by KEEFE, J.   It was stipulated that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein.   In accordance therewith the protests were sustained as claimed.

**No. 50681.**—Protest 108184–K of International Forwarding Co., Inc. (New York).

Opinion by KEEFE, J.   At the trial the amended report of the collector was admitted in evidence which disclosed that an allowance for free entry of 13 cylinders out of the 18 imported could have been allowed.   In view of the evidence the collector was directed to reliquidate the entry, refunding all duties taken upon 13 drums valued at $650, established to be American goods returned.

**No. 50682.**—Protest 116231–K of B. Khoury & Co. (New York).