No. 50694.—Protests 23412–K, etc., of Pistorino & Co.; Inc., et al. (Boston).

Opinion by KEEFE, J.   At the trial it was established that the cacicavallo or caciocavallo cheese contained an inedible covering similar in all material respects to the covering at issue in Abstract 41794.   It was further established that the pepato or sheep's cheese, the calcagno or sheep's cheese, the calcagno pecorino, and pecorino cheese were all Sicilian cheese and that such varieties of cheese contained coverings similar to the coverings of the cheese in Abstract 42146. In view of the evidence and following the decisions cited, it was held that the various kinds of cheese in question are properly dutiable upon the basis of the net weight returned by the United States appraiser, less 2½ percent for tare of nonedible coverings.   The protests were sustained to this extent.

No. 50695.—Protests 96958–K, etc., of Latorraca Bros. et al. (New York).

Opinion by KEEFE, J.   At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in Bel Paese Sales Co., Inc. v. United States (15 Cust. Ct. 7, C. D. 932).   In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45178.

No. 50696.—Protest 115192–K of American Radio Hardware Co., Inc. (New York).

Opinion by KEEFE, J.   An examination of the entry papers failing to disclose anything sufficient to overcome the action of the collector, which was presumptively correct, the protest was overruled.

No. 50697.—Protest 54380–K of Rhode Island Lace Works, Inc. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See John Barr. v. United States, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.