**No. 50771.**—Protests 92761–K, etc., of Borden Co. et al.    (New York).

Opinion by KEEFE, J.    At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932).    In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45180.

**No. 50772.**—Protests 92763-K, etc., of Geo. Ehlenberger & Co. et al. (New York).

Opinion by KEEFE, J.    At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932).    In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45164.

**No. 50773.**—Protests 92801-K, etc., of G. Montagnino & Son, Inc., et al. (New York).

Opinion by KEEFE, J.    At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932).    In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decisions and judgments in Abstracts 45159, 45161, 45162, 45182, 45362, 45387, 45534, and 45644.

**No. 50774.**—Protests 95502–K, etc., of Andrew Makris & Bros. et al. (New York).

Opinion by KEEFE, J.   At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D, 932).   In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decisions and judgments in Abstracts 45360, 45643, 45540, 44859, and 45157.

**No. 50775.**—Protests 919793–G, etc., of Zausner & Co. et al.   (New York).

Opinion by KEEFE, J.   It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese.   The protests were sustained to this extent.

**No. 50776.**—Protest 111500–K of Otto Roth & Co., Inc.   (New York).

Opinion by KEEFE, J.   It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 48539.   In accordance with stipulation of counsel and following the decisions cited, wherein the court followed Abstracts 40880 and 41794, it was held that the cheese in question is properly dutiable upon the basis of the net weight of the cheese as returned by the United States weigher, not including the weight of the strings, less 2½ percent for inedible coverings.   The protest was sustained to this extent.

**No. 50777.**—Protests 48758–K/89963, etc., of American Machine & Metals, Inc. et al. (Chicago).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

**No. 50778.**—Protests 62208–K, etc., of General Hide & Skin Corp. et al. (New York).