No. 50849.—Protests 43622–K, etc., of Cudahy Packing Co. et al. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706). In accordance therewith the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the items of cheese marked with the letter "A" on the invoices; and (2) 1 percent for the items of cheese marked with the letter "B" on the invoices. The protests were sustained to this extent.

No. 50850.—Protests 93164–K, etc., of Cosimo Daniele et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932). In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45160.

No. 50851.—Protests 95471–K, etc., of Societa Prodotti Nazionali, Inc., et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932). In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45174.

No. 50852.—Protests 108876–K, etc., of Antonio Piccini et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932). In accordance with

stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45441.

**No. 50853.**—Protest 120935–K of Fries Bros., Inc.   (New York).

Opinion by KEEFE, J.   An examination of the record failing to find anything sufficient to overcome the action of the collector, which was presumptively correct, the protest was overruled.

BEFORE THE FIRST DIVISION, JANUARY 30, 1946

**No. 50854.**—Petition 6510–R of Kassab Bros. (New York).

Opinion by OLIVER, P. J.   Upon the record the court was convinced that petitioners acted in good faith and that the undervaluation on entry was solely the result of a clerical error.   It was held that there was no intention to conceal or to misrepresent any of the facts or to deceive the appraiser as to the value of the merchandise or to defraud the revenue of the United States.   The petition was therefore granted.

**No. 50855.**—Protests 891951–G, etc., of Biddle Purchasing Co. et al. (New York).

Opinion by MOLLISON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JANUARY 30, 1946

**No. 50856.**—Protest 973301–G of R. Hirt, Jr., Inc. (New York).

Opinion by CLINE, J.   It was stipulated that certain items of the merchandise consist of portions of cheese packed in boxes and that all such portions, except one portion which is Tilsit, are similar in all material respects to the cheese the subject of *Kraft Phenix Cheese Corp.* v. *United States* (10 Cust. Ct. 271, C. D. 767).   In accordance therewith the merchandise in question was held dutiable as claimed.

**No. 50857.**—Protests 111002–K, etc., of C. S. Emery & Co. (St. Albans).

Opinion by CLINE, J.   It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919).   In accordance therewith the claim for free entry was sustained.