**No. 50863.**—Protests 96760–K, etc., of Niagara Importing Co. et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932). In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have been taken in excess, in accordance with the decision and judgment in Abstract 45177.

**No. 50864.**—Protests 96314–K, etc., of Corporacion Argentina de Productores de Carnes (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304). In accordance therewith the protests were sustained as claimed.

**No. 50865.**—Petition 6504–R of Enrico A. Stein (New York).

Opinion by KEEFE, J. At the trial it was established that in not following the prices advised by the appraiser and in transferring to the entry papers a sum not actually derived from a multiplication of the unit value and the net weight of the merchandise, petitioner's broker had exhibited a lack of care in making the entry. However, it was held that there was nothing in the record tending to establish that there was an intention on his part to defraud the revenue of the United States or to conceal or to misrepresent the facts or to deceive the appraiser as to the value of the merchandise. (*Linen Thread Co.* v. *United States,* 13 Ct. Cust. Appls. 395, T. D. 41322, cited.) The petition was therefore granted.

**No. 50866.**—Petition 6512–R of Schofield Donald Co. (New York).

Opinion by KEEFE, J. At the trial it was established that there was a difference of opinion between the petitioner and the examiner as to whether or not there was a foreign value for the merchandise in question. It was agreed to bring a test case in reappraisement but before the case came to trial, the Government found that there was a foreign value. The petitioner, upon advice of counsel, then abandoned its appeal for reappraisement. It was held that there was no intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.