UDDO & TAORMINA, CO. v. UNITED STATES

No. 8061.—Entered at New York, N. Y.
Entry No. 765338.

First Division, Appellate Term

(Decided November 16, 1951)

*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel); *Brooks & Brooks* and *Martin A. Fromer*, associate counsel; for the appellant.

*Charles J. Wagner*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellee.

Before OLIVER, COLE, and MOLLISON, Judges; COLE, J., dissenting

MOLLISON, Judge: This is an application for review of the decision of a single judge of this court, sitting in reappraisement, concerning the value for duty purposes of certain Romano Pecorino cheese exported from Rome, Italy, on or about February 27, 1948. It appears that during the period of curing and aging such cheese, a rind or inedible covering or coating made of fuller's earth, lampblack, and olive oil foots is applied to the outside of the cheese for the purpose of protecting the same during storage and transportation.

The cheese in issue was invoiced at $2 per kilogram, less 2 per centum cash discount f. o. b. Genoa, and there is a statement appended to

the invoice to the effect that 2.50 per centum of the net weight of 1,611.6 kilograms of cheese stated on the invoice was the weight represented by the above-mentioned coating. In making entry, the importer deducted 40.3 kilograms from the so-called "net" weight of 1,611.6 kilograms shown on the invoice as representing the aforementioned 2.50 per centum of the weight of the cheese in the condition as imported (i. e., covered with the inedible coating), and entered the remainder, 1,571.3 kilograms, at the invoice price of $2 per kilogram, less the 2 per centum cash discount and the nondutiable charges of inland freight to Genoa and loading charges.

The merchandise was appraised by the appraiser at $2 per kilogram of cheese, plus the proportionate part of the cost of the inedible covering or coating which each kilogram of cheese bore to the total weight of the covering or coating, and the appraiser returned the cost of the covering or coating as $2 per kilogram of such covering or coating, both the value of cheese and the cost of covering being less 2 per centum cash discount and the aforementioned nondutiable charges.

It is not disputed that both entry and appraisement were made on the basis of export value, which is defined in section 402 (d) of the Tariff Act of 1930,[1] and it was stipulated by counsel at the trial of the issue that the foreign value, which is defined in section 402 (c), as amended, of the same act, for cheese of the same type and kind as that here involved on or about the date of exportation thereof was no higher than the importer's entered unit value. No question as to the 2 per centum cash discount or the nondutiable charges deducted on entry and allowed by the appraiser arises, the issue being solely the correctness of the addition made by the appraiser for the cost of the inedible covering or coating.

At the trial it was established that Romano Pecorino cheese is always bought, sold, and paid for in the country of exportation with the inedible covering or coating hereinbefore referred to included in the weight thereof, and the evidence establishes that in such condition the freely offered price for sale to all purchasers on or about the date of exportation here involved for exportation to the United States, was $2 per kilogram, less 2 per centum cash discount, f. o. b. port of exportation. It is very clear from the evidence that this price was per kilogram of cheese-and-inedible-covering-or-coating, that is to say, each kilogram offered and sold consisted of 975 grams of cheese and 25 grams of inedible covering or coating.

---

[1] SEC. 402. VALUE.

\* \* \* \* \* \* \*

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The trial court made certain findings of fact and conclusions of law on the basis of which the following judgment resulted:

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value .of the merchandise here involved, and that such value is $2 per kilo on the net weight of the cheese (without the inedible covering) plus $2 per kilo of inedible covering, less 2 per centum discount for cash, less nondutiable charges.

Upon this application for review of the decision of the single judge, 11 assignments of error were made on behalf of the importer (plaintiff-appellant), and in the brief filed by its counsel certain further allegations were made as to the form as well as the substance of the determination of value made by the single judge.

While the foregoing determination of value made by the single judge is not couched in exactly the same language as the appraiser's return of value, being, to our minds, somewhat more explicit than the appraiser's return, its substance and effect are the same as the said appraiser's return. We know of no law, custom, or usage which requires that the determination of value by a judge or a division of this court, when to the same legal effect as the appraiser's finding or return or value, shall conform in phraseology to, or, as counsel for the importer puts it, "approve" the said finding or return. Counsel for the importer has not cited any reference .to any such requirement, although manifestly dissatisfied with the form of the determination of value by the single judge along the lines indicated. We find no merit in counsel's complaint.

Counsel further argues that the "reappraisement made by the single judge is illegal in form and in substance" on the ground that the single judge, it is claimed, determined first the value of the "naked" cheese and secondly the value of the inedible covering. A mere reading of the determination of value as stated in the judgment order, *supra*, is sufficient to indicate that the argument is not based upon fact, but that in truth the judgment conforms to the style and the requirements as to substance of the valuation statute, which, by the language "plus, when not included in such price, the cost of all containers," etc., contemplates determinations of value in cases where necessary in the form and in substance as made by the single judge herein. We do not regard any of the arguments advanced by counsel for the appellant herein against the form or substance of the judgment below to be with merit.

Counsel also complains, in effect, that there is a variance between one of the findings of fact (No. 3) and the judgment in that in the former no reference is made to nondutiable charges while the same are included in the latter. The nondutiable charges are not in dispute, and they are included in the determination of value expressed in the

judgment order. Furthermore, there is no question, from a reading of the opinion filed in connection with the judgment order, that the omission in finding of fact No. 3 of the reference to the nondutiable charges was inadvertent, as they are referred to during the course of the opinion not once but several times. Immediately below the finding of fact complained of, a conclusion of law was stated which does include the reference to the said nondutiable charges. We do not find there was any variance between the findings of the trial judge and the judgment rendered which would be fatal to the latter, and hold that no reversible error was committed by the trial judge in the inadvertent omission of the nondutiable charges from finding of fact No. 3.

Counsel for the parties and the court below found that some reference to the background of the issues here involved was of aid in securing a clear picture of the situation, and we consider that such procedure will be of value here. Cheese of the type here involved is bought, sold, and paid for by weight—specifically its weight in kilograms. In prior years, a series of cases arose on the classification side of this court (which culminated in *Bel Paese Sales Co., Inc.* v. *United States*, 15 Cust. Ct. 7, C. D. 932) wherein the issue was the weight of imported cheese upon which duty was to be calculated by the collector.

At the time of importation of the cheese in issue, and, indeed, up to the present time, such cheese has been dutiable at what are known "alternate" rates of duty, that is to say, at a specific rate per pound, provided the amount of duty assessable when determined in such manner shall not be less than the amount which would be assessed when determined at a certain ad valorem rate. (See paragraph 710, Tariff Act of 1930, as modified by the trade agreement with Argentina, T. D. 50504.)

However, whether dutiable at a specific rate of duty or at an ad valorem rate, it is well settled that—

* * * where the amount of duty to be collected is in part dependent upon the weight of the imported merchandise, it is the net weight thereof actually imported which is to be used as a basis for computing duties * * *.

See *Bel Paese Sales Co., Inc.* v. *United States, supra*, and cases therein cited.

It is clear from the cases cited that the net weight referred to is the weight of the merchandise *per se*, that is to say, without the coverings such as the inedible coating on the cheese at bar.

It is the duty of the appraiser—

* * * To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold * * * [section 500 (a) (1), Tariff Act of 1930]

and the cited case and its predecessors held that the function of the collector in determining the total value upon which duty is to be taken is to multiply the net weight of the merchandise imported (i. e., the number of units imported) by the final appraised unit value.

Goods are bought and sold in trade and commerce by various units. Thus, some things are bought and sold by units of number, as dozens, gross, etc.; others are bought and sold by units of measure, as feet, yards, meters, etc.; others by units of volume, as gallons, bushels, etc.; and still others are bought and sold by weight, as pounds, kilograms, etc. When an ad valorem rate applies to such merchandise, there are two things the collector must know in order to determine the total value upon which duty is to be assessed—the *number of units* and the *value per unit*. The theory behind the rule of the cited cases is that where merchandise is bought and sold by weight, it is the weight of only the merchandise which fits the tariff description which should be used as the basis for the *number of units* factor to be used in the computation of value upon which duty is to be assessed. Thus, in the case at bar, the inedible covering is not *cheese* and the duty on cheese should not be applied to the *weight* that the said inedible covering represents.

*But*, this is not to say that duty is not to be applied on *the portion of the value* of each unit of imported merchandise that the said inedible covering represents. On the contrary, by statutory definition, section 402 (d) in this case, the *value* of the merchandise (which by virtue of section 500 (a) (1), *supra*, must be returned in units) must include the *cost* of the coverings necessary to place the merchandise in condition packed ready for shipment to the United States.

Applying the foregoing to the case before us, the situation is as follows: The net weight of cheese imported, that is to say, cheese *per se*, without including the weight of the inedible covering, is 1,571.3 kilograms. (We find no official weigher's return with the papers indicating the landed weight of the imported cheese. Under the circumstances, the foregoing figure of 1,571.3 kilos is accepted for the purposes of illustration, and is not intended to bind either party with respect to actual landed weight.) This figure is the number of units factor which would be used in connection with the final appraised unit value in determining the duty due. The importer entered the cheese at bar on the basis of the net weight of the cheese (i. e., deducted the weight of the inedible covering) at the price paid on the basis of the total weight of the cheese (i. e., cheese and covering). The plaintiff-appellant contends for this entered value, which is $2 per kilogram, *packed*, less discount and nondutiable charges, but the entered value, according to the evidence, is not the unit value of a kilogram of cheese consisting of 1,000 grams of cheese; it is, rather, the unit value of a kilogram of cheese-and-covering, i. e., 975 grams

of cheese and 25 grams of covering. The unit value contemplated by section 402 (d), *supra*, for merchandise such as that here involved is the value of a kilogram of cheese, i. e., 1,000 grams of cheese, plus the *cost* of the containers, etc., necessary to place the 1,000 grams of cheese in condition, packed ready for shipment to the United States, and there is no dispute that the inedible covering or coating on the cheese imported was such a container or covering.

The *cost* of the inedible covering is not separately stated on the invoice, but it clearly appears that the importer actually paid for it at the same rate per kilogram as it paid for the cheese, i. e., $2 per kilogram, less discount and nondutiable charges referable thereto, proportioned by weight. The appraiser and the court below were therefore justified in returning its cost as $2 per kilo, less 2 per centum cash discount, less proportioned nondutiable charges. *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. 184, T. D. 47126.

A consideration of all of the evidence offered, and of the law applicable to the case, satisfies us that the conclusions reached by the trial court, as to both the basis of value and the amount thereof, were correct.

It will be recalled that it was stipulated at the trial of the case that the foreign value for cheese of the same type and kind as that here involved on or about the date of exportation thereof was no higher than the *importer's entered unit value*, which was $2 per kilogram, *packed*, less discount and nondutiable charges as invoiced. It therefore appears that the foreign value was less than the export value, and the latter therefore controls. (Section 402 (a), Tariff Act of 1930.)

The foregoing disposes of all of the issues raised by the assignments of error and upon the application for review, and we accordingly find as facts:

1. That the merchandise, the subject of this appeal for reappraisement, consists of Romano Pecorino cheese exported from Italy on or about February 27, 1948.

2. That during the period of curing and aging such cheese, a rind or inedible covering or coating made of fuller's earth, lampblack, and olive oil foots is applied to the outside of the cheese for the purpose of protecting the same during storage and transportation.

3. That such cheese is always bought, sold, and paid for in the country of exportation by its weight in kilograms with the inedible covering or coating included in the weight thereof.

4. That the said inedible covering is necessary to place the cheese in condition, packed ready for shipment to the United States.

5. That on or about the date of exportation of this merchandise, such or similar Romano Pecorino cheese was freely offered for sale to all purchasers in the principal markets of Italy in the usual wholesale

quantities and in the ordinary course of trade for exportation to the United States at $2 per kilo upon the basis of the total weight of the cheese and the inedible covering, less 2 per centum discount for cash, f. o. b. port of exportation.

6. That the actual cost to the importer of the inedible covering was $2 per kilo of covering, less 2 per centum discount for cash, less proportioned nondutiable charges.

7. That on or about the date of exportation of this merchandise, such or similar Romano Pecorino cheese was freely offered for sale to all purchasers in the principal markets of Italy in the usual wholesale quantities and in the ordinary course of trade for home consumption at prices no higher than $2 per kilo upon the basis of the net weight of the cheese without the inedible covering, packed, less 2 per centum discount for cash.

We hold as matters of law:

1. That export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of value of the merchandise here involved.

2. That such value for the merchandise at bar is $2 per kilo on the net weight of the cheese (without the inedible covering) plus $2 per kilo of inedible covering, all less 2 per centum discount for cash, less nondutiable charges.

The decision and judgment of the trial court are accordingly affirmed. Judgment will issue accordingly.

## DISSENTING OPINION

COLE, Judge: Appellant's uncontradicted testimony establishes that Romano Pecorino cheese is always bought and sold in the principal market of exportation with the protective, inedible covering, and that in such condition the merchandise in question was freely offered for sale to all purchasers at the time of exportation of the present shipment at $2 per kilogram, less 2 per centum cash discount, f. o. b. port of exportation. The proof supports the majority's finding as a fact (3): "That such cheese is always bought, sold, and paid for in the country of exportation by its weight in kilograms with the inedible covering or coating included in the weight thereof."

In other words, as it appears to me, Romano Pecorino cheese with the inedible covering as an integral part thereof is the article of commerce, or the commercial unit, that is before the court for appraisement, and based upon the present record, export value thereof, section 402 (d) of the Tariff Act of 1930, concededly the proper basis for appraisement, is $2 per kilogram (cost of inedible covering included), less 2 per centum cash discount, less nondutiable charges.

The majority, in its affirmance of the trial judge, discusses at length a constructive dutiable value that has no bearing in this case. The

result, showing valuations for two separate and distinct commodities, i. e., cheese and inedible covering, instead of an appraisement of the imported merchandise, as required herein, is such that I cannot accept. I therefore dissent from the reasoning applied and the conclusion reached by the majority.

The judgment of the trial judge should be reversed, and statutory export value, section 402 (d), *supra*, of the present merchandise should be as hereinabove set forth.